IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| HARRY F. and CAROL K. DAVIS, | * | |
|     Debtors | * | CASE NO.1:03-bk-03443- MDF |
| | * | |
| | * | |
| CAROL K. DAVIS and | * | ADV. NO.: 1:07- ap-00115 |
| F&M TRUST | * | |
|     Plaintiffs | * | |
| | * | |
|     vs. | * | |
| | * | |
| PNC BANK, NATIONAL | * | |
| ASSOCIATION, | * | |
|     Defendant | * | |

## OPINION

By agreement of counsel, the issue to be decided is whether extrinsic evidence should be admitted in order to clarify the scope of property encumbered by a mortgage as described in the mortgage documents. For the reasons stated below, I find that extrinsic evidence may be admitted to clarify patent ambiguities in the description of the property subject to the mortgage.

**Factual and Procedural History**

On June 3, 2003, Harry F. And Carol K. Davis ("Debtors") filed a voluntary petition under Chapter 7.[1] The assets listed on schedule A include two parcels. One parcel was designated as Lots 3, 3A and 3B located at 103 Hammond Road, Shippensburg, Cumberland County, Pennsylvania and the second parcel was listed as Debtors' personal residence located at 115

---

[1] Debtor Harry F. Davis died after the filing of the petition on a date undisclosed in the record. The complaint filed in this matter referred to Mr. Davis as Harold F. Davis. Because Mr. Davis' wife, Carol K. Davis became the sole owner of the property at her husband's death as the surviving tenant and was the sole plaintiff on the complaint, it is not necessary to resolve the discrepancy between the names used on the petition and in the complaint.

Hammond Road, Shippensburg, Cumberland County, Pennsylvania. Debtors admit that they executed a mortgage in favor of PNC Bank, National Association ("PNC") on November 20, 1998. However, Debtors contend that the mortgage was granted only as to Lots 3, 3A, and 3B and not as to the personal residence. PNC contends that the mortgage executed by Debtors includes both Lots 3, 3A and 3B and the personal residence.

On January 25, 2007 the case was converted to a proceeding under Chapter 13. On June 4, 2007, Carol K Davis ("Debtor") and F&M Trust ("F&M") filed an joint objection to the proof of claim filed by PNC. Debtor and F&M ("Plaintiffs") allege that the proof of claim filed by PNC improperly classified its claim as secured and further assert that PNC's claim is totally unsecured. On July 10, 2007, Plaintiffs moved that the objection be "reclassified" as an adversary proceeding pursuant to Fed. R. Bankr. Pro. 3007(a), which states that if an objection to the allowance of a claim is joined with a demand for relief as specified in Rule 7001, it becomes an adversary proceeding. The motion was granted and the adversary case was opened on July 11, 2007. A pretrial conference was held on January 18, 2008 on the issue of whether Plaintiffs should be permitted to introduce extrinsic evidence in support of their objection to PNC's claim. Briefs were filed and oral argument on the issue was heard on January 24, 2008.

## Discussion

At the hearing on January 24, 2008, Plaintiffs argued that they should be permitted to introduce evidence to establish that Debtors did not grant PNC a mortgage on their personal residence. PNC argued that the parol evidence rule limited the Court's review to the four corners of the mortgage and that the document, while perhaps over-inclusive, was not ambiguous. Plaintiffs countered that the parol evidence rule was not applicable because the Court was

2

required to examine the intention of the parties in the execution of a mortgage. Further, even if the parol evidence rule applied, Plaintiffs argued that the mortgage was ambiguous, thus extrinsic evidence was admissible. I first must determine whether the parol evidence rule applies. If it does apply, I then must determine whether the terms of the mortgage are ambiguous, thus admitting the introduction of extrinsic evidence.

Mortgages are governed by the same rules of construction that apply to contracts. *In re Dolata*, 306 B.R. 97, 122 (Bankr. W.D. Pa. 2004) *citing* 8 P.L.E.2d Commercial Transactions § 81 at 201 (Bender 2000). In order to interpret a contract, the court must ascertain the intent of the parties to the agreement. *Robert F. Felte, Inc. v. White*, 451 Pa. 137, 143, 302 A.2d 347, 351 (1973). "In a written contract the intent of the parties is the writing itself and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement." *Id.* (citations omitted). Unless the document refers to other writings or agreements "its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence." *East Crossroads Center, Inc. v. Mellon-Stuart Co.*, 416 Pa. 229, 230-31, 205 A.2d 865, 866 (1965). When a contract includes an integration clause which states that the contract represents the parties entire agreement, a court must look to its four corners to ascertain its meaning. *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 498, 854 A.2d 425, 436 (2004). Here, the mortgage includes the following paragraph:

> Amendments. This Mortgage, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Mortgage. No alteration of or amendment to this Mortgage shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

3

This integration clause evidences the final and best expression of the parties' negotiations, conversations and agreements prior to the execution of the document; therefore, this writing may be considered fully integrated and subject to the parol evidence rule. Once the rule applies, no extrinsic evidence may be introduced for the purpose of "varying or contradicting the terms of the contract which both parties intended to represent the definite and complete statement of their agreement." *Davis v. Davis*, 422 Pa. Super. 410, 415-16, 619 A.2d 743, 746 (Pa. Super. 1993) *citing Am. Bank & Trust Co. of Pa. v. Lied,* 487 Pa. 333, 340, 409 A.2d 377, 381 (1979) (citation omitted).

One recognized exception to the rule, however, is when the language of the instrument is ambiguous. "[W]here a term in the parties' contract is ambiguous, 'parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances.'" *Yocca,* at 498, 854 A. 2d 425, 437 (Pa. 2004) *citing Estate of Herr*, 400 Pa. 90, 94, 161 A.2d 32, 34 (1960). Accordingly, I must first determine whether material terms of the mortgage are ambiguous. The phrase at issue in the PNC mortgage provides that Debtors granted PNC a mortgage in real property

> located in CUMBERLAND County, Commonwealth of Pennsylvania (the "Real Property"): SEE EXHIBIT "A" ATTACHED TO AND MADE A PART HEREOF[.] The real Property or its address is commonly known as 103 HAMMOND ROAD, TOWNSHIP OF SOUTH NEWTON, PA 17257. The Real Property tax identification number is 41-12-0324-010.

The face page of the mortgage describes the mortgage by its street address, 103 Hammond Road, and tax identification number, 41-12-0324-010 (collectively "103 Hammond"), but it also incorporates a separate metes and bounds description. The ambiguity arises because the

4

Case 1:07-ap-00115-MDF    Doc 20    Filed 08/06/08    Entered 08/07/08 09:44:33    Desc
Main Document      Page 4 of 6

incorporated metes and bounds description includes not only the parcels described as 103 Hammond, but also includes parcels with different street addresses and tax identification numbers.

"An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more things at the same time. Ambiguity is created by the doubtfulness or doubleness of meaning of an expression used in a written instrument." *Cascades North Venture Ltd. Partnership v. PRC Inc.*, 457 S.E.2d 370, 373 (Va. 1995) (*quoted in Edwards Business Machines, Inc. v. Laughlin*, 1995 WL 634453 (E.D. Pa. 1995)).

Defendant contends that the mortgage is not ambiguous, arguing that the 103 Hammond reference is subsumed within the metes and bounds description. Further, because "the specific controls the general," PNC asserts that a more precise description of land controls a general one. The concept is correct, but its application in this context is flawed. The legal description attached to the mortgage is specific, but the 103 Hammond description is specific as well. The principle illustrated in the within case is not that of a specific description controlling a more general one. To the contrary, the mortgage provides a clear example of a patent ambiguity. An examination of the four corners of the document fails to clearly establish whether Debtors intended to give PNC a mortgage on 103 Hammond alone or rather intended to convey other parcels as well.

5

Accordingly, this case will be set for trial. An appropriate order will be entered.

By the Court,

/s/ Mary D. France
Bankruptcy Judge

Date: August 6, 2008

*This document is electronically signed and filed on the same date.*

6

Case 1:07-ap-00115-MDF   Doc 20   Filed 08/06/08   Entered 08/07/08 09:44:33   Desc
Main Document      Page 6 of 6